This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 32,775

**ROBERT ALLEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Sergio J. Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Robert Allen (Defendant) appeals from the district court's judgment in an on-record metropolitan court appeal. [RP 90] The district court's judgment affirms the metropolitan court's judgment convicting Defendant of DWI (1st offense), pursuant to a conditional plea. [RP 52, 56] In the plea agreement [RP 52], Defendant reserved the right to appeal the metropolitan court's decision to deny his motion to suppress. [RP 53] Defendant raises one issue on appeal, contending that there was no reasonable suspicion for the stop and therefore all evidence should have been suppressed. [DS 11] This Court proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

{2} In his memorandum, Defendant continues to argue that there was no reasonable suspicion for the stop because Defendant's car never left its lane and the video does not show, pursuant to a timeline provided by the defense [DS 6-7; MIO 2, 5-6, 7], that oncoming cars were swerving to avoid Defendant's vehicle before the officer activated his lights to make the stop. [DS 9; MIO 5-6, 7] Defendant also confirms, however, that the officer testified that he began to observe Defendant's vehicle based on a tip to Drunkbusters; that, in addition to Defendant's heavy weaving, the officer saw oncoming vehicles swerving to avoid Defendant's car; and that he activated his lights within about two seconds of observing them. [MIO 4, 7] Defendant also

2

acknowledges that, during trial the defense observed that, due to the closeness of the officer's car to Defendant's car, Defendant's car blocked the video camera view of the oncoming cars. [DS 8, MIO 7] Moreover, the officer insisted during his testimony that, in addition to Defendant's heavy weaving, he saw oncoming vehicles swerving to avoid Defendant's car, which motivated him to activate his lights and make the stop. [DS 8-9, MIO 7]

{3} As we stated in the calendar notice, it is well-established that the fact finder, here the metropolitan judge at the suppression hearing, determines the credibility of the officer's testimony, and is entitled to reject Defendant's version of events. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that contrary evidence supporting acquittal does not provide a basis for reversal because the fact finder is free to reject the defendant's version of the facts).

{4} For these reasons, and those set forth in the calendar notice, we hold that the stop was based on reasonable suspicion that Defendant was violating NMSA 1978, Section 66-8-114 (1978) (statute regulating careless driving). *See State v. Vandenburg*, 2003-NMSC-030, ¶ 21, 134 N.M. 566, 81 P.3d 19 (recognizing that the

arresting officer "reasonably suspected that [the defendant] had violated a traffic law, and therefore, [the officer] was entitled to stop [the defendant's] car"). Therefore, we affirm the district court's decision to affirm the metropolitan court's denial of the motion to suppress, and we affirm Defendant's conviction for DWI (1st offense).

{5}    **IT IS SO ORDERED.**


                        _____

                        **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**LINDA M. VANZI, Judge**